IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                              CAUSE NO. 1:17CR10-LG-RHW

RAMON CASTILLO

## ORDER DENYING DEFENDANT'S MOTIONS

**BEFORE THE COURT** are the [42] letter motion requesting a copy of discovery and the [44] motion to appoint counsel filed by the defendant Ramon Castillo. After reviewing the motions, the record in this matter, and the applicable law, the Court finds that the motions should be denied.

## DISCUSSION

On February 2, 2017, the Court accepted Castillo's plea of guilty to a one-count information pursuant to a plea agreement in which Castillo waived his right to appeal or file a post-conviction motion of any type. (*See* Plea Agreement 5, ECF No. 11). His counsel filed a notice of appeal, followed by an *Anders* brief and a motion for leave to withdraw in the Fifth Circuit Court of Appeals. The appellate court granted the motion for leave to withdraw and "concur[ed] with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review." (Opinion USCA 1, ECF No. 27.) The appeal was denied on June 12, 2018. (Judgment USCA, ECF No. 28.) Castillo filed a timely pro se motion pursuant to 28 U.S.C. § 2255, which the Court denied without conducting a hearing. (Order, ECF No. 41.) Castillo has now filed a notice of appeal of the order denying his §

2255 motion and requested that counsel be appointed to assist him on appeal.

Castillo first requests that the clerk of court send him "a copy of my discovery" in this case. The clerk cannot comply with this request because discovery documents are maintained by the attorneys, not filed with the Court. If Castillo seeks specifically identified documents that have been filed, the cost for obtaining them is fifty cents per page.

Next, Castillo requests a court appointed attorney to pursue an appeal of his § 2255 motion. An indigent's right to counsel on direct appeal does not extend to post-conviction proceedings. *Vandenades v. United States,* 523 F.2d 1220, 1225 (5th Cir.1975). Unless a district court finds that an evidentiary proceeding is required, the decision of whether to appoint counsel in a 28 U.S.C. § 2255 proceeding is discretionary. *Id.* at 1225-26; *cf. Shepherd v. United States,* 253 F.3d 585, 587 (11th Cir. 2001) (holding that pursuant to Rule 8(c) of the Rules Governing § 2255 Proceedings, an indigent defendant is entitled to appointment of counsel where an evidentiary hearing is required). An evidentiary hearing was not required in this case, and the Court did not address any meritorious arguments that would require the assistance of counsel. Accordingly, Castillo's motion for appointment of counsel on appeal will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [42] letter motion requesting a copy of discovery and the [44] Motion to Appoint Counsel, filed by the defendant Ramon Castillo are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 23rd day of June, 2019.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE